M. M. PATTON v. A. R. SHIPMAN and another.

*Superior Courts—Jurisdiction.*

1. Under Rev. Code, ch. 31, § 38, the superior courts formerly had jurisdiction of actions upon bonds, &c., where the amount of principal and interest was not less than one hundred dollars, although the principal alone might be.

2. Under C. C. P., § 401, an action pending in the superior court at the adoption of the constitution of 1868, wherein the amount claimed was less than two hundred dollars, was properly transferred to the docket of the superior court under the new judicial organization; such section is not in conflict with art. IV, § 25, of the constitution.

(*Griffin* v. *Ing*, 3 Dev., 358; *Birch* v. *Howell*, 8 Ire. 468; *Clark* v. *Cameron*, 4 Ire., 161, cited and approved.)

MOTION to set aside a Judgment heard at Spring Term, 1879, of HENDERSON Superior Court, before *Gudger, J.*

Upon the facts set out in the opinion His Honor refused the motion and the defendant appealed.

*Mr. H. G. Ewart,* for plaintiff.
*Messrs. W. W. Jones* and *Gray & Stamps,* for defendant.

SMITH, C. J. On the 6th day of April, 1867, the plaintiff commenced his action against the defendants by issuing a summons wherein he demands his debt of $69.17 and $100 damages for detaining the same.

The defendants pleaded the general issue, payment and set-off, and on the trial at fall term, 1869, of Henderson superior court, the jury returned a verdict for the plaintiff assessing his damages at $167.17 of which $106.11 is principal money.

On April 27th, 1878, notice issued and was served on the defendants, reciting the plaintiff's recovery of judgment and requiring them within twenty days after service, to appear

at the clerk's office and show cause why the plaintiff shall not have execution thereon.

On the hearing before the clerk on the 20th day of September, 1878, the defendant, Thomas Case, against whom alone the plaintiff proceeded, failed to show cause, and leave was granted the plaintiff to sue out his execution against the said defendant for $105.47, with interest on $69.17 from October 25, 1869, which sum is adjudged to be due and unpaid.

At spring term, 1879, after notice, the defendant, Case, moved the court to set aside the original judgment upon the ground of a want of jurisdiction of the cause. The motion was refused and defendant appealed.

The defendant's counsel insists that the judgment rendered in 1869 is void for two reasons:

1. For that the superior court of law in which the action originated did not then have legal cognizance thereof.

2. For that under the change in our judicial system, the cause should have abated or been transferred to the docket of a justice of the peace, and not to the superior court which had no authority to proceed therein.

The first objection is not supported by the facts of the case, and if it were, is untenable in law. The sum claimed in the summons and in the declaration which we must assume to be in harmony with it, brings the action within the jurisdiction of the superior court of law as formerly constituted. "No action shall be originally commenced in any of the said courts, (superior and county) for any sum of less value than $100 when the sum sued for is due by bond, promissory note or liquidated account signed by the party to be charged thereby." Rev. Code, ch. 31, § 38. This clause has been construed to embrace the case where the amount of principal and interest is not less than that sum, although the principal alone may be. *Griffin* v. *Ing*, 3 Dev., 358; *Birch* v. *Howell*, 8 Ire., 468. If the want of jurisdiction

"appear on the writ or declaration" the action "may be dismissed on motion," and if it do not so appear the defence is available only by plea in abatement. Rev. Code, ch. 31, § 38, construed in *Clark* v. *Cameron*, 4 Ire., 161. The defect does not appear in the writ or declaration, there was no plea to the jurisdiction, and the verdict ascertained the amount due to be in excess of one hundred dollars.

The second objection arising out of the transfer is also untenable. "The clerks of the superior courts at the request of a party thereto, within six months from the ratification of this act, shall enter on a separate docket *all suits* which at the ratification aforesaid shall have been commenced, and in which final judgment has not been rendered in the late county courts, superior courts of law and courts of equity of their respective counties." C. C. P., § 401. The law is thus explicit and positive in its direction that all suits pending in those courts at the time when they ceased to exist should be transferred at the instance of a party, to the superior courts formed under the new system, their successors, as was done in the present case. The enactment does not conflict with section 25, article IV of the constitution, which provides that "actions at law and suits in equity pending when this constitution shall go into effect, shall be transmitted to the courts having jurisdiction thereof, without prejudice by reason of the change." The purpose and effect of this constitutional provision are to prevent an abatement of such actions and suits, consequent upon a dissolution of the courts, by removing them to the dockets of their proper successors, when established under the new judicial organization—those pending in the late supreme court, to the present supreme court; those pending in the former county and superior courts of law and equity, to the superior courts of their respective counties; and they have no reference to the inferior courts helds by a justice of the peace or to proceedings therein. Such seems to be the in-

tention of those who framed the constitution, as expressed in the clause, and such is the interpretation implied in the enactment made to give it effect. The court below therefore properly refused the motion to set aside the judgment.

No error. ·Affirmed.